UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUWA R. VINYARD,<br><br>Plaintiff,<br><br>v.<br><br>KONRAD, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00943-JDP (PC)<br><br>**ORDER**<br><br>SCREENING PLAINTIFF'S COMPLAINT AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 1 & 2 |

Plaintiff, a state prisoner, brings this action against several defendants at California State Prison-Sacramento. ECF No. 1. He has joined multiple, unrelated claims against more than one defendant, however, in violation of the Federal Rules of Civil Procedure. Accordingly, I will give him leave to amend. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1   claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
3         A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).
13        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20  **II.  Analysis**

21        Plaintiff's complaint impermissibly joins at least two separate and unrelated claims
22  against multiple defendants.  First, he alleges that, on an unspecified date, defendants Alvarez,
23  Spears, Velasquez, Cox, and Arana violated his Eighth Amendment rights by using excessive
24  force against him. ECF No. 1 at 5.  These officers allegedly dislocated his shoulders and caused
25  him various other injuries while restraining him.  *Id.*  Separately, after being medically treated for
26  the first incident, plaintiff alleges that defendant Konrad accosted him and grabbed him by the
27  throat.  *Id.*  He also claims that Konrad deprived him of his CPAP machine.  *Id.* at 5-6.  The
28  claims regarding the first excessive force incident and the claims against Konrad do not appear

sufficiently related to proceed together.  Plaintiff must amend his complaint to include only related claims.  *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Plaintiff is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order.  If he fails to do so, I will recommend that claims and parties be dropped so that only related claims remain.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3