UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUWA R. VINYARD,<br><br>  Plaintiff,<br><br>  v.<br><br>KONRAD, *et al.,*<br><br>  Defendants. | Case No.  2:24-cv-0943-JDP (P)<br><br>ORDER |

Plaintiff Joshuwa Vinyard is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  The first amended complaint alleges that defendants Arana, Velasquez, Cox, Alvarez, Spears, and Konrad used unauthorized excessive force against him.  This complaint states a cognizable claim against these defendants.  It fails, however, to state a cognizable claim against the Warden of California State Prison, Sacramento and correctional officer Amaro.  Plaintiff may either proceed only with the claims deemed viable or delay service and file another amended complaint.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **Analysis**

21 Plaintiff alleges that defendants Alvarez, Spears, Velasquez, and Cox used unauthorized,
22 excessive force against him at the direction of defendants Arana and Konrad.  ECF No. 11 at 5.
23 For the purposes of screening and accepting plaintiff's allegations as true, I find that the
24 complaint has alleged facts sufficient to state a cognizable Eighth Amendment claim for
25 excessive force against these defendants.  *See Bearchild v. Cobban*, 947 F.3d 1130, 1141 (9th Cir.
26 2020).

27 By contrast, plaintiff's claims against the Warden and Amaro are nonviable.  The
28 complaint contains no allegations that the Warden or Amaro were directly involved in or aware of

2

the excessive force used against plaintiff. And there is no *respondeat superior* liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file a written indication of his intent to pursue only with the viable claims described in this order, or file another amended complaint. If he selects the latter, no defendants will be served until the new complaint is screened.

2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:     December 3, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE